UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT ANTHONY ARNOLD,<br><br>                              Petitioner,<br><br>         v.<br><br>ADELANTO ICE PROCESSING<br>CENTER WARDEN, ET AL.,<br><br>                              Respondents. | Case No. 5:26-cv-00383-SVW-ACCV<br><br>**ORDER DISMISSING COMPLAINT** |

## **BACKGROUND**

On January 22, 2026, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody in this Court pursuant to Section 2241.  (Electronic Case Filing Number ("ECF No.") 1.)  The Court believes that Petitioner is currently detained at the Adelanto Immigration and Customs Enforcement Processing Center based on his representations in the Petition.  (*See id.* at 1.)  On January 29, 2026, the Court notified Petitioner that he did not pay the appropriate filing fee and that his action may be dismissed if he did not pay the fee within thirty days.  (ECF No. 2.)  To date, Petitioner has not paid the filing fee or requested to proceed without prepayment of filings fees.  On March 2, 2026, the Magistrate Judge ordered the Petition

1

dismissed for failure to allege facts sufficient to support a claim for relief. (ECF No. 4 at 1-2.) The Court gave Petitioner leave to amend by April 2, 2026. (ECF No. 4 at 2.) Plaintiff did not file an amended petition by the deadline.

As of the date of this Order, Plaintiff has failed to show cause why this case should not be dismissed or to otherwise participate in this litigation. Plaintiff has not filed an amended petition and has not contacted the Court.

## DISCUSSION

District courts have *sua sponte* authority to dismiss actions for failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-33, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("District courts have the inherent power to control their dockets and, in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case.").

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260-61.

In the instant action, the first two factors—public interest in expeditious resolution of litigation and the court's need to manage its docket—weigh in favor of dismissal. Petitioner has not paid the filing fee or requested to proceed without prepayment of filings fees per the Court's January 29, 2026 notice. Petitioner also has not filed an amended Petition per the Court's March 2, 2026 order, and has not requested an extension of time to do so. This failure to prosecute and follow court orders hinders the Court's ability to move this case toward disposition, and suggests Petitioner does not intend to litigate this action diligently.

The third factor—prejudice to defendant—also weighs in favor of dismissal.  A rebuttable presumption of prejudice to respondent arises when petitioners unreasonably delay prosecution of an action.  *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  Nothing suggests such a presumption is unwarranted in this case.

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal.  However, it is Petitioner's responsibility to move towards disposition at a reasonable pace, and avoid dilatory and evasive tactics.  *See Morris v. Morgan Stanley*, 942 F.2d 648, 652 (9th Cir. 1991).  Petitioner has not discharged this responsibility despite having been:  (1) instructed on his responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so.  (*See* ECF No. 2.)  Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Petitioner's failure to obey court orders or to file responsive documents within the time granted.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal.  The Court cannot move the case toward disposition without Petitioner's compliance with court orders or participation in this litigation.  Petitioner has shown he is either unwilling or unable to comply with court orders by filing responsive documents or otherwise cooperating in prosecuting this action.

Finally, while dismissal should not be entered unless petitioner has been notified dismissal is imminent, *see W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court has warned Petitioner about the possibility of dismissal.  (*See* ECF No. 2.)

Accordingly, because it appears that Petitioner has abandoned this litigation, and because Petitioner has failed to respond to Court orders, the Court **DISMISSES** this case, without prejudice.

//

//

//

3

## **ORDER**

Based on the foregoing, **IT IS ORDERED** that Judgment be entered **DISMISSING** this case without prejudice.

DATED: April 16, 2026

HONORABLE STEPHEN V. WILSON

United States District Judge

Presented by:

_____

ANGELA C. C. VIRAMONTES
United States Magistrate District Judge

4